No. 26,037.

THE COMMUNITY HIGH SCHOOL OF RENO COUNTY, *Appellant*, v. CARL MULLER and THOMAS KELLER, *Appellees*.

SYLLABUS BY THE COURT.

1. SCHOOLS—*Community High School—Duties of Trustee—Bond.* The duties of a trustee of a community high school include his acting as treasurer, in the event he is so named, and his bond as trustee covers his duties as treasurer.

2. SAME—*Community High School—Bond of Treasurer and Trustee.* The bond given under R. S. 72-2605 by the treasurer of a community high school is additional to—not in lieu of—his bond as trustee given under R. S. 72-2603.

Appeal from Reno district court; WILLIAM G. FAIRCHILD, judge. Opinion filed July 11, 1925. Reversed.

*E. T. Foote* and *C. M. Williams*, both of Hutchinson, for the appellant.
*J. R. Beeching, W. H. Burnett* and *Charles Hall*, all of Hutchinson, for the appellees.

The opinion of the court was delivered by

HARVEY, J.: This is an appeal by the plaintiff from an order sustaining a demurrer to its petition and rendering judgment for defendants in an action upon an official bond.

At the general election in November, 1922, C. B. Copeland was

---

1. Schools, 35 Cyc. p. 883.   2. Id., 35 Cyc. p. 883.

Community High School v. Muller.

elected to the office of trustee of the community high school of
Reno county. He duly qualified as such officer, as required by R. S.
72-2603, by taking the oath and giving bond in the sum of $1,000,
signed by himself as principal and by Carl Muller and Thomas
Keller as sureties, conditioned "that the said C. B. Copeland shall
honestly and faithfully perform and execute the duties of said office
required by him by law, during his continuance therein, by virtue
of said election, and pay over to the proper person or authority all
moneys that may come into his hands by virtue of said office, and
deliver to his successor all books, records, papers and other things
belonging to his said office which may be so required by law."

Thereafter, and in conformity with the statute (R. S. 72-2605),
which provides that at the first meeting in each year of the trustees
of plaintiff they shall appoint one of their number as secretary and
treasurer, who shall perform the usual duties devolving upon such
officers, and shall hold office for one year, and that such treasurer
shall give additional bond as the county commissioners shall deem
sufficient, C. B. Copeland was chosen as secretary and treasurer.
As such treasurer he gave an additional bond in the sum of $10,000.
Later Copeland absconded, and it was then found that his accounts
were in default in the sum of $20,000. The sureties on the additional
bond paid the amount thereof to plaintiff, leaving $10,000 which
Copeland was still in default. This action is against his sureties
upon his bond as trustee to recover the $1,000 named therein.

It is argued on behalf of appellant that since it is provided by law
that one of the trustees shall be appointed as treasurer, the duties
he performs as treasurer are also performed as trustee, and there-
fore sureties on his bond given as trustee are liable for his default
as treasurer. This argument is sound and requires a reversal of the
case. He could only be treasurer by reason of being trustee. It
was part of his duty as trustee to act as treasurer, if his associates
so named him. When he was acting as treasurer he was also acting
as trustee, and his default as treasurer was also his default as trustee.
We have carefully examined the authorities cited by appellee and
do not regard them as being in point. It is true, as pointed out
in those authorities, that the liability of a surety is not to be ex-
tended by implication. We are not extending by implication the
liability of the sureties upon the bond in this case. It was only
by performing the duties of his office as trustee, required of him by

law, that he became treasurer and received moneys of plaintiff. This bond sued upon specifically requires that he "pay over to the proper person or authority all moneys that may come into his hands by virtue of said office." The bond as treasurer is additional to his bond as trustee, not in lieu of it.

The judgment of the court below will be reversed with directions to overrule the demurrer to the petition.